# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

REBECCA BATES,

    Plaintiff,

vs.

HARDEMAN COUNTY GOVERNMENT, and
HARDEMAN COUNTY AMBULANCE
SERVICE

    Defendants.

No.
JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW Plaintiff Rebecca Bates, ("Plaintiff"), and files this Complaint against Defendant, Hardeman County Government, and Hardeman County Ambulance Service (hereinafter "Defendants") and states as follows:

## NATURE OF CLAIMS

1. Ms. Bates is formerly an emergency medical technician for the Hardeman County Ambulance Service. This action is brought for unpaid overtime under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.*, ("FLSA") to recover unpaid back wages, overtime wages, an additional equal amount of liquidated damages, front pay, and to obtain declaratory relief, reasonable attorney's fees and costs. Defendants have willfully violated the FLSA by intentionally failing and refusing to pay Plaintiff all compensation due to her under the FLSA and its implementing regulations during the last three years.

## PARTIES

2. Plaintiff Rebecca Bates is an adult citizen and resident of Chester County, Tennessee. During the applicable statutory period, Plaintiff Bates was an employee of Hardeman County Government working in the Hardeman County Ambulance Service Department as an Advanced Emergency Medical Technician.

3. Defendant Hardeman County Government (the "County"), is a political subdivision of the State of Tennessee, with the power to sue and be sued in its own name. Defendant operates an EMS Department to provide emergency medical services to the citizens and residents of Hardeman County, as well as to other persons within the county in need of emergency medical attention or care. The County may be served through its chief executive officer, Mayor Jimmy Sain, at 100 North Main Street, Bolivar, Tennessee, 38008.

4. Defendant Hardeman County Ambulance Service, is a department within the Hardeman County Government and is charged with the responsibility of maintaining the emergency medical services to the citizens and residents of Hardeman County, as well as to other persons within the county in need of emergency medical attention or care. The Ambulance Department may be served through its department director, Troy Dempsey, at 735 Naylor St, Bolivar, Tennessee, 38008.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FSLA.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant is located within this judicial district and division, and the unlawful labor practices giving rise to the Plaintiffs' claims occurred in Hardeman County, Tennessee.

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## STATEMENT OF FACTS

8. Plaintiff Bates has been employed by Defendant's EMS Department since July 2014. She received her EMT IV certification in 2011, and has been a certified advance emergency medical technician since 2014.

9. At all times relevant to this Complaint, Plaintiff was a non-exempt employee for purposes of the Fair Labor Standard Act.

10. During the applicable time period, the work week for Hardeman County EMT's and paramedics was a seven (7) day work week which began at 00:01 Saturday and ended at 24:00 midnight on Friday each week.

11. During the relevant statutory period, Plaintiff regularly worked in excess of forty (40) hours per week, generally working one full twenty-four (24) hour shift beginning at 07:00 every fourth day, totaling forty-eight (48) hours per work week for thirty-nine (39) weeks each year. Plaintiff did not receive the correct over-time pay as required by the FLSA, because Defendants promulgated an unlawful policy that EMS workers were not eligible for overtime compensation unless they worked in excess of forty-eight (48) hours during a one-week pay period.

12. Defendants were aware and had knowledge that Plaintiff was working in excess of forty (40) hours per week, for at least thirty-nine (39) weeks per year.

13. At all times relevant to this Complaint, Plaintiff was not regularly engaged in fire protection or law enforcement activities during her employment with Defendants, nor was she

regularly or routinely dispatched to fire suppression or law enforcement situations.

14. In addition, Plaintiff was routinely required to work "off the clock" because she was required to stay after her shift had concluded if they were on an emergency call, transporting someone to a hospital outside of Hardeman County or to complete required reports.

15. Plaintiff was required to be on call every twenty-fourth (24th) day immediately following her having worked a twenty-four (24) hour shift. Plaintiff was given notice of her on-call days, weeks in advance and would be disciplined for failure to be available during her mandatory on-call time.

16. Plaintiff was not compensated for her on-call time even though she was restricted from effectively using the time for personal use.

17. At all times relevant to this Complaint, Plaintiff was a good and faithful employee of Defendants and consistently performed all essential functions of her job in an acceptable and competent manner.

18. Plaintiff complained to officials within the Defendant's County Administration as well as within Defendant's EMS Department about the Department's policies and practices regarding the recording of compensable time and calculating of overtime compensation; however, Plaintiff was intimidated and coerced to continue working under these unlawful conditions by an immediate supervisor, by the EMS Department Director and the Mayor of Hardeman County.

## CAUSE OF ACTION

(Fair Labor Standards Act – Failure to Pay Overtime Wages)

19. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1-18 as if restated herein verbatim.

20. Defendants are an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(d), because it is a "public agency."

21. Plaintiff was an employee of Defendants for purposes of the Fair Labor Standards Act during times relevant to this Complaint.

22. Defendants failed to pay Plaintiff at the rate of one and one-half times her normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

23. Defendants also failed to pay Plaintiff for all compensable time for which Plaintiff provided work for the benefit of Defendants.

24. Plaintiff is entitled to back wages at the rate of one and one-half times her regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

25. Plaintiff is entitled to an award of back pay at her regular hourly rate for her overtime rate, as appropriate compensation for all time spent in working for Defendants. The aforementioned back pay was wrongfully excluded by Defendants in calculating her compensable time.

26. Defendant's failure to compensate Plaintiff for overtime work and for "off the clock hours" as required by the FLSA was knowing, willful, intentional, and done in bad faith.

27. Plaintiff is also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

28. The work and pay records of Plaintiff is in the possession, custody, and/or control of Defendants, and Defendants are under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C.

§ 211(c) and the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiff requests an order of this Court requiring Defendants to preserve such records during the pendency of this action.

29. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

30. Defendants have been unjustly enriched as a result of accepting the work of Plaintiffs without proper compensation. It would be unjust to allow Defendants to enjoy the fruits of Plaintiffs' work without proper compensation.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court enter judgment for the following relief:

   a. A declaratory judgement that Defendants have willfully and in bad faith violated the overtime compensation provisions of the FLSA, and have deprived Plaintiff of her rights to such compensation.  Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff time worked in excess of forty (40) and/or forty (40) hours per week;

   b. An order requiring Defendant to provide a complete and accurate accounting of all the overtime compensation and other compensation to which Plaintiff is entitled.

   c. Awarding Plaintiff liquidated damages in an amount equal to overtime award;

   d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Awarding Plaintiff pre and post-judgment interests;

  f. Awarding Plaintiff all damages to include back pay and front pay that are available to her under the law;

  g. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

  h. For all such other relief as the Court deems just and equitable and to which she is entitled at law and equity.

PLAINTIFF DEMANDS A TRIAL BY JURY WHEN THE ISSUES ARE JOINED HEREIN.

Respectfully submitted on this the 30th day of November, 2020.

                **ESKINS, KING & MARNEY P.C.**

      By: /s/ William C. Sessions
         William C. Sessions, III (TN #15017)
         *Attorney for Plaintiffs*
         200 Jefferson Ave., Suite 1510
         Memphis, Tennessee 38103
         (901) 578-6902