UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| **REBECCA BATES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02869-STA-jay |
| | ) | |
| **HARDERMAN COUNTY** | ) | |
| **GOVERNMENT, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS**

Before the Court is Defendants' Motion for Partial Dismissal Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed on January 8, 2021.  (ECF No. 13.)  As of the date of this order, Plaintiff has not filed a Response to Defendants' Motion.  For the reasons discussed below, the Court **GRANTS** the Motion.

**BACKGROUND**

This civil case comes before the Court on Plaintiff's claim under the Fair Labor Standards Act (FLSA) to recover unpaid back wages, overtime wages, liquidated damages, front pay, declaratory relief, and attorney's fees.  (Compl., ECF No. 1.)  Plaintiff, formerly an emergency medical technician for the Hardeman County Ambulance Service, argues that Defendants, Hardeman County Government and Hardeman County Ambulance Service, willfully violated the FLSA by promulgating an "unlawful policy that EMS workers were not eligible for overtime compensation unless they worked in excess of forty-eight (48) hours during a one-week pay period."  (*Id.* ¶ 3.)  Plaintiff alleges that she worked in excess of forty hours per week for at least

thirty-nine weeks per year for three years during her employment with Hardeman County's EMS Department and was therefore entitled to overtime pay.  (*Id*.) When Plaintiff complained to officials within the Hardeman County administration and the EMS Department about the allegedly incorrect calculation of her overtime compensation, she was "intimidated and coerced to continue working" under an illegal compensation framework by her direct supervisor, the EMS Department Director, and the Mayor of Hardeman County.  (*Id.* ¶ 4.)

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.

## ANALYSIS

Defendants argue that Hardeman County Ambulance Service is not a separate legal entity from Hardeman County, Tennessee. Rather, as acknowledged by the Plaintiff in her Complaint, it is a department within the Hardeman County Government, the proper suable entity. State law governs the capacity of Hardeman County Ambulance Service to sue or be sued. *See* Fed. R. Civ. P. 17(b)(3). Tennessee state law permits suits against counties. Tenn. Code Ann. § 5-1-105. This Circuit has held, however, that suits against departments within county governments are suits against the counties themselves and that such departments are not suable entities. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (holding that the County Jail is a department of the county, which is the appropriate entity subject to suit). Therefore, because Hardeman County Ambulance Service is a department within the Hardeman County government and Tennessee state law provides no separate statutory framework for suits against departments within counties, Defendants' Motion to Dismiss the Hardeman County Ambulance Service from this action is **GRANTED**.

## CONCLUSION

In sum, Defendants' Motion for Partial Dismissal is **GRANTED**. Hardeman County Ambulance Service is **DISMISSED** from this action.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 1, 2021.